**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Sheila Johnston, individually and on behalf of all others similarly situated, | 3:21-cv-00441 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Kashi Sales, L.L.C., | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.    Kashi Sales, L.L.C. ("defendant") manufactures, markets and sells Soft Baked Breakfast Bars ("cereal bars") labeled as "Ripe Strawberry" under the Kashi brand ("Product").



I.   Strawberry Claims

2.      The front label contains a picture of the bar with red filling on a red background, and the statements, Ripe Strawberry, 3g Fiber*, Made with Wildflower Honey, and 10g Whole Grains.

3.      The back of the package has a red background, pictures of fresh, ripe strawberries and freshly harvested oats, and states:

# Good Vibes in Every Bar

These bars were made for you with love. Love for delicious snacks that high five your taste buds. Love for simple ingredients, like strawberries and whole grains. And love for our farmers, our community, and our planet. Grab a bar and spread the good vibes!



Simply delicious. Delightfully nutritious.

4.     The representations are misleading because they give consumers the impression the fruit filling contains more strawberries than it does.

5.     Research has shown that "consumers are eating fewer meals, yet snacking more than ever."[1]

6.     Defendant is aware that a greater percentage of consumers are eating more snacks and has emphasized the importance of fruit ingredients to make up for what "people don't get enough of at meals."[2]

7.     According to one company, "[A]s snacking increases, so too does the focus on healthy products and ingredients."[3]

8.     Many consumers seek snacks which are a "healthy indulgence," which is a "a treat with all the flavor and taste desired, without the guilt of eating something 'bad' for you," due to the presence of ingredients known to confer positive health benefits.[4]

9.     The Product contains several of these ingredients – wildflower honey, whole grains and strawberries.

10.    Strawberries are one of the foods American consumers increasingly turn to for adding value to all types of food and "the most popular berry fruit in the world."

11.    According to the U.S. Department of Food and Agriculture, "Americans now consume twice as many strawberries as they did two decades ago."[5]

12.    Reasons for consumers choosing strawberries over other fruits include its taste, texture, and adaptability.

---

[1] Elizabeth Louise Hatt, Snackin' in the sun, Winsight Grocery Business, May 1, 2013.
[2] The Story on Snacking, Kellogg's Nutrition.
[3] Mondelez Global, State of Snacking: 2020 Global Consumer Snacking Trends Study.
[4] FONA International, Trend Insight: Indulgence, November 28, 2018.
[5] The California Strawberry Commission, Consumer Trends: American Strawberry Consumption Doubles, May 7, 2013.

13.     Equally significant to the taste of strawberries though, according to WebMD, is the ability of strawberries to "protect your heart, increase HDL (good) cholesterol, lower your blood pressure, and guard against cancer."[6]

14.     These benefits are because strawberries are one of the nutrient dense of all fruits.

15.     Strawberries are "an excellent source of vitamin C," necessary for immune and skin health.

16.     One serving of strawberries provides more vitamin C than an orange.[7]

17.     Strawberries have uniquely high levels of antioxidants known as polyphenols.[8]

18.     Polyphenols are micronutrients that naturally occur in plants.

19.     These polyphenols include flavonoids, ellagitannins, flavanols and phenolic acid.[9]

20.     Polyphenols prevent or reverse cell damage caused by aging and the environment, which is linked to greater risk of chronic diseases.

21.     It is not just consumer preferences which value strawberries over other fruits.

22.     Market price data confirms strawberries are the most expensive of the major fruits tracked by the Bureau of Labor Statistics ("BLS") in its research on consumer prices.

---

[6] Andrea Gabrick, Nutritional Benefits of the Strawberry, WebMD.com; María Teresa Ariza, et al. "Strawberry achenes are an important source of bioactive compounds for human health." *International journal of molecular sciences* 17.7 (2016): 1103.

[7] Adda Bjarnadottir, MS, RDN, Strawberries 101: Nutrition Facts and Health Benefits, Healthline.com, March 27, 2019; Sadia Afrin, et al. "Promising health benefits of the strawberry: a focus on clinical studies." *Journal of agricultural and food chemistry* 64.22 (2016): 4435-4449.

[8] Tamara Y. Forbes-Hernandez, et al. "The healthy effects of strawberry polyphenols: which strategy behind antioxidant capacity?." *Critical reviews in food science and nutrition* 56.sup1 (2016): S46-S59.

[9] Francesca Giampieri, et al. "Strawberry consumption improves aging-associated impairments, mitochondrial biogenesis and functionality through the AMP-activated protein kinase signaling cascade." *Food chemistry* 234 (2017): 464-471; Francesca Giampieri, et al. "The healthy effects of strawberry bioactive compounds on molecular pathways related to chronic diseases." *Annals of the New York Academy of Sciences* 1398.1 (2017): 62-71.



**Chart 1. Average fruit prices, 2004–2014**

Apples — Bananas — Oranges — Grapefruit — Lemons — Grapes — Strawberries

Price per pound

Shaded area represents a recession as determined by the National Bureau of Economic Research.
Click legend items to change data display. Hover over chart to view data.
Source: U.S. Bureau of Labor Statistics.

23.    According to BLS, which considers apples and pears equivalent in price, pears are typically between $1.20 and $1.50 per pound while strawberries are no less than between $2 and $4 per pound.[10]

24.    The cost of using more strawberry ingredient relative to apples and pears would be approximately several cents per Product – not a significant addition to their price.

25.    A soft-baked breakfast bar filled only with strawberry fruit ingredients or even predominantly strawberry fruit ingredients is not a rare or pricey delicacy such that it is unreasonable to expect this.

26.    The Product is unable to confer any of the health-related benefits because it has less strawberries than it purports to.

---

[10] Stephen B. Reed, "Slicing through fruit price volatility," Beyond the Numbers: Prices and Spending, Vol. 3:28, Bureau of Labor Statistics, December 2014 (pears are e

27.   Defendant promotes the strawberry content of the Product on its website and in its marketing, by only mentioning strawberries, through pictures and statements.

28.   However, the Product's "strawberry filling" is mostly made up of pear and apple ingredients, instead of the highlighted strawberries.



**Ingredients:** Strawberry filling (pear juice concentrate, tapioca syrup, cane sugar, apple powder, strawberry puree concentrate, cornstarch, glycerin, natural flavors, elderberry juice concentrate for color), **Kashi Seven Whole Grain** flour (oats, hard red wheat, brown rice, rye, triticale, barley, buckwheat), whole wheat flour, whole grain oats, invert cane syrup, expeller pressed canola oil, honey, chicory root fiber, vegetable glycerin, tapioca syrup, leavening (sodium acid pyrophosphate, baking soda), soy lecithin, xanthan gum, natural flavors.

29.     The first fruit ingredient in the filling is pear juice concentrate, followed by apple powder and *then* strawberry puree concentrate.

30.     The Product also has more tapioca syrup and sugar than strawberries.

31.     Legal requirements exist to prevent labeling which misleads consumers.

32.     Illinois incorporates the federal food labeling regulations in the Illinois Food, Drug and Cosmetic Act ("IFDCA") and its parallel regulations. See 410 ILCS 620/1, et seq.

33.     The Product's name – "Ripe Strawberry – Soft-Baked Breakfast Bars" – and pictures of fresh, ripe strawberries – is misleading because it gives consumers the impression it contains more strawberries than it does. 21 C.F.R. § 102.5(b).

34.     The Product's name, "Ripe Strawberry – Soft-Baked Breakfast Bars," is misleading because it includes strawberries but does not include pears and apples, even though pears and apples are stated in the fine print on the ingredient list. 21 C.F.R. § 101.18(b).

35.     The Product's name fails to disclose the percentage of strawberries relative to the other fruits. 21 C.F.R. § 102.5(b).

36.     To give consumers the false impression that the Product contains more strawberries, it includes "elderberry juice concentrate for color."

37.     This causes the filling – mainly pears and apples – to look like strawberries, even though they are not strawberries and cannot substitute for strawberries to consumers.

38.     The Product lacks an authentic, and expected strawberry taste because it has more pear and apple ingredients than strawberries, and these fruits taste different.

II.  Honey Claims

39.     The front label promotes the presence of honey – "Made with Wildflower Honey."

40.    Defendant knows consumers prefer honey to sugar for numerous reasons including health.

41.    However, the Product has more sugar than honey, which is misleading.

III. Conclusion

42.    Reasonable consumers must and do rely on defendant to honestly describe the components and features of the Product, relative to itself and other comparable products.

43.    Reasonable consumers must and do rely on defendant to honestly describe the components and features of the Product.

44.    Defendant misrepresented the Product through affirmative statements, half-truths, and omissions.

45.    Defendant sold more of the Product and at a higher prices than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

46.    Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

47.    Plaintiff paid more for the Product based on the representations than she would have otherwise paid.

48.    As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than no less than $4.59 for six 1.2 OZ (35g) bars, excluding tax, higher than similar products represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

Jurisdiction and Venue

49.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

50.    Plaintiff Sheila Johnston is a citizen of Illinois.

51.    Defendant Kashi Sales, L.L.C. is a Delaware limited liability company with a principal place of business in Battle Creek, Calhoun County, Michigan.

52.    Diversity exists because plaintiff Sheila Johnston and defendant are citizens of different states.

53.    Upon information and belief, sales of the Product and any available statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

54.    Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – the purchase of plaintiff and her experiences identified here.

Parties

55.    Plaintiff Sheila Johnston is a citizen of Mount Vernon, Jefferson County, Illinois.

56.    Defendant Kashi Sales, L.L.C. is a Delaware limited liability company with a principal place of business in Battle Creek, Michigan, Calhoun County and upon information and belief, at least one member of defendant is not a citizen of the same state as the plaintiff.

57.    Defendant is a leading seller of organic and healthy snacks.

58.    Defendant's image is exemplified by its logo, with a stalk of wheat running across its company name, epitomizing the connection to farmers and healthy ingredients.

59.    The Product is sold at tens of thousands of retail locations – grocery stores, drug stores, big box stores, convenience stores, etc. – and online.

60. The Product is sold in boxes of 6 bars among other sizes.

61. Plaintiff purchased the Product on at least one occasion within the statutes of limitations for each cause of action, between December 2020 and January 2021, at stores including Kroger, 415 S 42nd St, Mt Vernon, IL 62864.

62. Plaintiff bought the Product because she expected it would have more of the named fruit ingredient, not just for flavor but for its nutritive value.

63. Plaintiff expected that there would be more strawberry fruit ingredients in the filling than any other fruit filling ingredients.

64. The Product was worth less than what Plaintiff and consumers paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

65. Plaintiff paid more for the Product than she would have paid otherwise.

66. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations about its components and ingredients are consistent with its representations.

<u>Class Allegations</u>

67. The class will consist of all purchasers of the Product who reside in Illinois during the applicable statutes of limitations.

68. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

69. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

70. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

71.   Plaintiff is an adequate representative because her interests do not conflict with other members.

72.   No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

73.   Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

74.   Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

75.   Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act<br>("ICFA"), 815 ILCS 505/1, et seq.</u>

<u>(Consumer Protection Statute)</u>

76.   Plaintiff incorporates by reference all preceding paragraphs.

77.   Plaintiff and class members desired to purchase a product which more of the named fruit ingredient than it did.

78.   Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

79.   Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

80.   Plaintiff relied on the representations.

81.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

82.   The Product was manufactured, labeled and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it more of the named fruit ingredient than it did.

83.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

84.   This duty is based on Defendant's outsized role in the market for this type of Product.

85.   Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

86.   Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices over the past several years.

87.   The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

88.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

89.   Defendant had a duty to truthfully represent the Product, which it breached.

90.   This duty is based on defendant's position, holding itself out as having special knowledge and experience this area.

91.   The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

92. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchases of the Product.

93. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

94. Defendant misrepresented and/or omitted the attributes and qualities of the Product.

95. Defendant's fraudulent intent is evinced by its knowledge of the relevant regulations, as its misleading claims are carefully worded to avoid the obvious prohibited statements but still misleading.

<u>Unjust Enrichment</u>

96. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and

interest pursuant to the common law and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   May 3, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com